## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARIA LOPEZ**,

      Plaintiff,

v.

**BOYNE USA, INC.**,

      Defendant.

Civil Action No. _____

Hon. _____

---

ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com

_____/

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff, MARIA LOPEZ, by and through her attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, P.C., and for her Complaint against the above-named Defendant, states as follows:

## PARTIES

1.     At all relevant times, Plaintiff Maria Lopez was a resident of the City of Charlevoix, County of Charlevoix, State of Michigan.

2.     Defendant Boyne USA, Inc. (hereinafter "Boyne") is a domestic profit corporation located in the City of Charlevoix, County of Charlevoix, State of Michigan and also owns and operates the Inn at Bay Harbor—where Plaintiff was employed—which is located in Bay Harbor, County of Emmett.

3.     At all times material and relevant hereto, Defendant Boyne was an "employer" and Plaintiff was an employee pursuant to Title VII.

4.     This lawsuit arises out of events occurring within Bay Harbor, County of Emmett, and State of Michigan.

## JURISDICTION AND VENUE

5.     This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and is brought pursuant to Title VII of the Civil Rights Act of 1964.

6.     This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331, 1343.

7.     Plaintiff timely filed an EEOC charge of discrimination and was issued a Right to Sue letter from the EEOC on January 24, 2023.

8.     The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County of Emmett and both Plaintiff and Defendant reside in Charlevoix County, and the Defendant transacts business within this District.

## COMMON FACTUAL ALLEGATIONS

10.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 9, as if fully set forth herein.

11.     Plaintiff (who is Hispanic) began working for Defendant, specifically at the Inn at Bay Harbor ("Inn"), as a server at a restaurant in the Inn, the Vintage Chophouse & Wine Bar, in 2018.

12.     In March of 2019, Plaintiff was promoted to manager/lead server.

13.     On or around February 26, 2021, Plaintiff reported to her supervisor, Jessica King, that another coworker made racist comments regarding both Hispanic and Black people, including that Plaintiff's "skin color would be offensive to [her] if [Plaintiff] didn't act so white."

14.     While nothing of substance came from this complaint—indeed, the coworker in March of 2021 publicly stated in regards to a table of African

3

American customers that she did not have a "fried chicken and lemonade buffet for them"—Plaintiff began experiencing increased scrutiny and hostility from King.

15.     The   increased   scrutiny   amounted   to   King   giving   Plaintiff "coaching"—akin to discipline—on or around June 4, 2021, allegedly involving "rumor spreading" which Plaintiff denied.

16.     Due to this increased scrutiny, on or around June 5, 2021, Plaintiff reported to a different supervisor, Lauren Ingle, and Defendant's HR Manager, Patrick Conlon, that she felt Jessia King was retaliating against her based on her previous complaint; specifically, she felt that King was trying to find reasons for discipline and selectively enforce policies against Plaintiff.

17.     Plaintiff then had a meeting with HR (Conlon) on or around June 9, 2021, where she expressed the same concerns regarding Jessica King's retaliatory animus towards her.

18.     While nothing happened regarding King's retaliatory animus towards Plaintiff despite her complaints, Plaintiff reported to King on or around June 25, 2021 that another supervisor, Lauren Ingle, was posting and sharing things on Facebook that offensively portrayed the "Black Lives Matter" movement and appeared to be race-related.

19.     On or around July 14, 2021, Plaintiff underwent another "coaching session"—akin to discipline—regarding Plaintiff's presence at the restaurant on her off day on July 4, 2021 and her communications with Jessica King.

20.     After King left this meeting and Plaintiff was with Lauren Ingle and Patrick Conlon (HR), Plaintiff again expressed concern that King was falsifying information in retaliation for Plaintiff's complaints.

21.     On or around September 24, 2021, Plaintiff was demoted from lead supervisor to server—the effect being she would make substantially less money—arising from an alleged incident that occurred on or around August 30, 2021 while she was at the restaurant off duty.

22.     Then on or around November 1, 2021, Plaintiff had her schedule dropped from a full work week to three days/week, and Plaintiff was one of the only employees who received such a baseless modification.

23.      On or around December 15, 2021, Plaintiff had a meeting with the Inn's General Manager, Michael Costello, where she again reported her beliefs that Jessica King was retaliating against her and that Plaintiff and others were afraid to speak out against King due to her willingness to retaliate.

24.     Then on January 15, 2022, Plaintiff was terminated by Defendant.

**COUNT I – RACE/NATIONAL ORIGIN DISCRIMINATION**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**OF 1964 – 42 U.S.C. § 2000e-2 AS TO DEFENDANT BOYNE**

25.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 24, as if fully set forth herein.

26.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. prohibits discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race/national origin.

27.     At all material times, Plaintiff was an employee of Defendant, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

28.     Plaintiff is Hispanic, in the minority at Defendant—indeed, she was one of the only employees at the Inn who was of "color"—and is a member of a protected class under Title VII of the Civil Rights Act of 1964.

29.     As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of Plaintiff's race/national origin.

30.    Because of her race/national origin, Plaintiff was subjected to treatment from Defendant that was disparate from that accorded to non-Hispanic employees of Defendant who were treated more favorably than Plaintiff.

31.    Plaintiff's race/national origin was at least one factor that made a difference in Defendant's decision to discriminate against and harass Plaintiff.

32.    Plaintiff's race/national origin was a factor that made a difference in Defendant's decision to treat Plaintiff differently than others, including but not limited to, failing to allow Plaintiff to do her job without being harassed, allowing offensive comments regarding Plaintiff's race/national origin and other ethnicities, regularly disciplining Plaintiff despite her not being in violation of work rules, and targeting her regarding various work procedures.

33.    Had Plaintiff not been Hispanic, she would not have been subjected to the above-referenced discriminatory treatment.

34.    The above-referenced harassing supervisors and individuals did not treat any similarly situated, non-Hispanic individuals like they did Plaintiff.

35.    The disparate and less favorable treatment that Defendant subjected Plaintiff to included adverse employment actions on the basis of Plaintiff's race/national origin, and Plaintiff has otherwise been discriminated against with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her race/national origin.

36.    The disparate and less favorable treatment that Defendant subjected Plaintiff to came both from management, supervisory personnel, and from Plaintiff's coworkers.

37.    Defendant has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against Hispanic employees (and/or employees  of color), or that tolerates the disparate and less favorable treatment of the same employees by said management and supervisory personnel.

38.    Defendant has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of Hispanic employees by non-Hispanic employees and/or supervisory personnel.

39.    Management and/or Plaintiff's supervisors have either directly discriminated against Plaintiff or have tolerated and looked the other way to the disparate and less favorable treatment of Plaintiff by her non-Hispanic co-workers and/or supervisory personnel.

40.    The disparate treatment to which Plaintiff was subjected while employed with Defendant was so substantially disparate and less favorable than the treatment of similarly-situated non-Hispanic employees that it raises an inference of disparate treatment discrimination.

41. Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

42. As a result of this discrimination, Plaintiff was ultimately demoted and then terminated, wherein her job(s) it is believed were given to similarly-situated Caucasian employees.

43. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected to during her employment.

44. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of wages and benefits, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

45. By failing to take prompt and effective remedial actions but instead forcing Plaintiff to remain working with the same individuals, Defendant has in effect condoned, ratified, and/or authorized discrimination against Plaintiff and individuals similarly situated.

46. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed

insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF**
**1964 – 42 U.S.C. § 2000e AS TO DEFENDANT BOYNE**

47.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 46, as if fully set forth herein.

48.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. prohibits retaliation against any individual because that person has opposed a violation of this act or because the person has made a charge, testified, assisted, or participated in any investigation…under this act.

49.     At all material times, Plaintiff was an employee of Defendant, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

50.     As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to retaliate against her on the basis of her engaging in statutorily protected activities.

51.     Complaining about, reporting, and/or opposing discriminatory and/or retaliatory treatment and/or policies or patterns of practice are statutorily protected activities.

52.     Plaintiff engaged in conduct protected under Title VII of the Civil Rights Act of 1964, including, but not limited to, complaining of, reporting, and/or opposing the discriminatory and/or retaliatory conduct of the agents, servants, and/or employees of Defendant; complaints that occurred on numerous instances as described above.

53.     Upon information and belief, some of the harassing behavior (specifically by Jessica King) Plaintiff experienced was meant to intimidate and deter her from making further or formal complaints of harassment.

54.     Defendant, and its agents, employees and the individuals tasked with giving Plaintiff discipline and structuring her duties/position title, had knowledge of Plaintiff's protected activities.

55.     Defendant, by and through their agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, bringing disciplinary actions, disciplining Plaintiff without cause,

harassing her, selectively monitoring her, soliciting other employees to speak out regarding Plaintiff, and denying Plaintiff conditions, terms, opportunities, and privileges of her employment because she repeatedly engaged in the above referenced statutory protected activities in violation of Title VII of the Civil Rights Act of 1964.

56.     All of the adverse actions that occurred here, whether it be Plaintiff's "coachings", her demotion, her loss of hours and then her termination, were undertaken within close temporal proximity to her repeated complaints of discrimination/retaliation.

57.     Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

58.     As a direct and proximate result of Defendant's unlawful and retaliatory actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, wage loss and the loss of benefits, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

59.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed

insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendant was and remains extreme and outrageous subjecting Defendant to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

Respectfully submitted,

By: /s/ *Andrew J. Laurila*
    Robert M. Giroux (P47966)
    Andrew J. Laurila (P78880)
    Giroux Pappas Trial Attorneys, P.C.
    Attorneys for Plaintiff
    28588 Northwestern Hwy., Ste. 100
    Southfield, MI 48034
    (248) 531-8665; Fax: (248) 308-5540
    rgiroux@greatMIattorneys.com
Dated: March 14, 2023    alaurila@greatMIattorneys.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARIA LOPEZ**,

     Plaintiff,              Civil Action No. _____

                                 Hon. _____

v.

**BOYNE USA, INC.**,

     Defendant.

---

ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com

                                                                      /

## <u>JURY DEMAND</u>

     **NOW COMES** Plaintiff, MARIA LOPEZ, by and through her attorneys,

GIROUX PAPPAS TRIAL ATTORNEYS, P.C., and hereby demands a trial by jury

in the above stated cause of action.

                                      Respectfully submitted,

                                      By: */s/ Andrew J. Laurila*
                                            Robert M. Giroux (P47966)
                                            Andrew J. Laurila (P78880)

14

Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com

Dated: March 14, 2023                    alaurila@greatMIattorneys.com